UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

In re Subpoena Issued to:

CHARLIE BRUCE OF THE UNITED
STATES ATTORNEY'S OFFICE,

In the Criminal Matter:

UNITED STATES OF AMERICA,                    Misc. No. Case 1:26-cv-01377

v.

JOSHUA ALLEN,

DEFENDANT ALLEN'S OPPOSITION TO GOVERNMENT'S
MOTION TO QUASH SUPERIOR COURT SUBPOENA

Defendant Joshua Allen, through undersigned counsel, respectfully opposes the United States' Motion to Quash. The government's motion overstates the reach of sovereign immunity, misapplies Touhy, and ignores the narrow, non-burdensome purpose of the subpoena, which is **authentication of a government-created exhibit the prosecution, at least at one point, intended to use at trial.** The subpoena is proper, enforceable, and necessary to ensure a fair trial.  The government is seeking sovereign immunity protection so that Charlie Bruce, who works for the US Attorney's Office for the District of Columbia.  The defendant contends that Mr. Bruce routinely testifies as a government witness in Superior Court regarding essentially the same subject matter for which Mr. Allen is seeking his testimony, that is, his preparation of government exhibits.  In the instant case, Mr. Bruce produced a trial exhibit relevant to the above-captioned

matter.  His testimony would show how he produced the exhibit and the source from which he received the factual data shown through the exhibit.

The subpoena requires Charlie Bruce to testify and bring with him the trial exhibit he created presumably at the direction of the lead prosecutor in the case, Lindsey Merikas.  The subpoena was properly served and accepted on behalf of Mr. Bruce by AUSA Merikas.

In response to the subpoena, the government removed this aspect of the case to the United States District Court for the District of Columbia for the purpose of quashing the subpoena.  The court should send the government's motion to quash back to the Superior Court of the District of Columbia, the court which retains jurisdiction over the underlying case (United States v. Joshua Allen Case Number 2021 CF1 006461).  In the alternative, this court must deny the government's motion to quash and order compliance with the subpoena.

## LEGAL ARGUMENT

The subpoena with its attachment satisfies 28 C.F.R. 16.23; that is, it recognizes or provides the following:

1. It recognized that the United States is a party.

2. It directed the subpoena with attachment to the DOJ's local U.S. Attorney's Office person in charge; specifically, to Assistant U.S. Attorney Lindsey Merikas, lead counsel in this matter, and

3. The affidavit attached to the subpoena provided a statement summarizing the testimony sought and explaining its relevance to the case.

The subpoena with its attachment is compliant with 28 C.F.R 16.26(b); that is, it does not violate a statute, reveal classified information, disclose confidential sources, interfere with law enforcement proceedings, or improperly reveal trade secrets.  Nor does it violate any of the other reasons outlined in 28 C.F.R. 16.26(b).  In cases not involving these prohibited circumstances, the

Deputy or Associate Attorney General must authorize disclosure.  28 C.F.R. 16.26(c).  The government relies on *Houston Business Journal* and similar cases for the broad proposition that sovereign immunity categorically bars enforcement of a Superior Court subpoena. But those cases involved attempts to compel **federal agencies to disclose internal records or deliberative materials**, not the narrow, ministerial authentication of an exhibit **the government itself created for use in a criminal prosecution**.   The government then attempts to rely on D.C. Rule 17 (c)  arguing that the subpoena violates D.C. Rule 17(c) because it commands production "at trial" without a court order. But Rule 17(c) governs **pretrial production of documents**, not in-court testimony or production contemporaneous with testimony. The subpoena explicitly commands appearance **on the trial date** and production **at trial**, which is expressly permitted. The government's own motion acknowledges the return date is the first day of trial. Nothing in Rule 17 prohibits a witness from bringing materials to court at the time of testimony. The government's Rule 17 argument is therefore misplaced.  The government invokes *Touhy* and 28 C.F.R. § 16.21 et seq., without even making a Touhy determination as required.  Moreover, the requested testimony is **non-discretionary, factual, and foundational**—the type of testimony routinely permitted even under Touhy regulations.  Moreover, the government's own regulations require consideration of whether disclosure is appropriate "under the rules of procedure governing the case." 28 C.F.R. § 16.26(a). Disclosure is necessary for Mr. Allen to defend against serious criminal charges, murder, now pending in the Superior Court of the District of Columbia, and scheduled for trial on May 18, 2026.  Mr. Bruce created the exhibit prepared in the course of his employment.  That exhibit is one piece of many which demonstrates the government's repeated juggling of timestamps and events surrounding the criminal charges.   In essence, the

government has failed to give this court any legitimate bases for quashing the subpoena.  In addition to compliance with 28 C.F.R. 16.21-26, the subpoena does not impose an undue burden on the government.  It does not seek privileged or irrelevant information.  Lastly, the witness and the information requested is essential to Mr. Allen's defense.

The government argues the subpoena is an improper discovery device. But the subpoena does **not** seek investigative files, internal communications, or witness statements. It seeks: "authentication of Government Exhibit… as an exhibit prepared by the government." To recharacterize this as a discovery request is inaccurate. The defense seeks only the identity of the preparer, the process of creation, and the source of the data depicted by the exhibit. These are classic authentication questions, not discovery demands.  Without this authentication, the defense will be prevented from presenting a key piece of evidence in their case.

Finally, Mr. Allen's trial is scheduled to begin on May 18, 2026.  The court will note that Mr. Allen's case was filed in 2021.  Mr. Allen submits that the government's Motion to Quash is frivolous and a waste of the court's time.  Moreover, the removal of the motion to quash to federal court may have a chilling effect on our ability to move forward with trial.[1]  It prejudices Mr. Allen not only because the witness and information subpoenaed are essential to his defense, but also because he is detained, waiting for trial in this matter.

---

[1] The Superior Court judge assigned to the case has indicated that to get this matter tried, it will be reassigned for trial to another Superior Court judge because he will likely be in trial.  The government has expressed a preference for retaining Judge Park, the currently assigned.  The time consumed litigating the motion to quash may cause a significant delay in getting Mr. Allen's case to trial.

In sum, the government has provided no basis for quashing the subpoena that is recognized under 28 C.F.R. 16.21-16.26. Nor has it provided bases for quashing the subpoena under the Confrontation Clause or government confidentiality interests.

<u>Relief Sought</u>

Mr. Allen respectfully moves this Honorable Court to deny swiftly the government's Motion to Quash and to allow this matter to go forward to trial with witness Charlie Bruce and the government's trial exhibit which he created, as soon as possible.

Respectfully submitted,

/s/ Sara E. Kopecki

_____

Sara E. Kopecki          #436304
BHT Legal, PLLC
3816 Monte Vista Place
Alexandria, VA. 22309
Bhtlegal2@outlook.com;

/s/ Janai C. Reed

_____

Janai C. Reed        Bar No. 420259
419 Seventh Street Northwest
Suite 405
Washington DC 20004
202.262.5831
Email: jreed038@gmail.com

Attorneys for Mr. Allen